**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES MOORE, JR., | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cv. No. 2:19-cv-02572-TLP-tmp |
| | ) | |
| UNITED STATES, | ) | |
| Respondent. | ) | |

**ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Movant Charles Moore, Jr.[1] petitions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Motion, ECF No. 1). For the reasons stated below, Moore's § 2255 Motion is **DENIED** and **DISMISSED**.

**BACKGROUND**

In 2014, a federal grand jury in the Western District of Tennessee returned an indictment against Moore, charging him with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Criminal ("Cr.") No. 2:14-cr-20207-STA-1, ECF No. 1.) Six months later Moore entered into a plea agreement in which he agreed "that he is entering a voluntary plea of guilty to Count One because he is, in fact, guilty of the offense charged in Count One." (*See* ECF No. 30 at PageID 32.) The government agreed to move for dismissal of the second count in exchange for the plea. (*Id.* at PageID 32–33.) During the sentencing hearing,

---
[1] Moore is a federal prisoner, Bureau of Prisons ("BOP") register number 27023-076. Moore resides at the United States Penitentiary in Atlanta, Georgia.

Moore accepted responsibility for his actions in a sworn statement in open court. (*See* ECF No. 33.) The court sentenced Moore to 120 months incarceration and supervised release for three years. (ECF No. 34 at PageID 39–40.) The Court entered a judgment. (ECF No. 34.) Moore did not appeal.

## ANALYSIS

Moore now moves for habeas relief under § 2255 alleging that he was actually innocent of his § 922(g) conviction because of the recent United States Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Civ. No. 19-2572, ECF No. 1 at PageID 1, 4.) He claims that he did not know he was a felon as now required for a conviction under § 922(g). And he argues that the Government must prove he knew that: (1) he possessed a firearm; and (2) he belonged to the relevant category of persons barred from possessing a firearm. (*Id.* at PageID 1.) He asserts that the *Rehaif* opinion created a newly recognized constitutional right retroactively applicable on collateral review. (*Id.* at PageID 4.) He further asserts that he is not barred procedurally because he is actually innocent of the crime. (*Id.* at PageID 4–5.)

Moore contends that, because of his mental state when he pleaded guilty , he did not know that he was in a relevant category of persons barred from possessing a firearm. (*Id.* at PageID 7.) He claims that no reasonable United States citizen would presume that the government would revoke his Second Amendment rights. (*Id.*) Moore requests that the Court vacate his sentence or hold a hearing to make a credibility determination about his subjective mental state at the time of the crime. (*Id.*)

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

*Rehaif*, 139 S. Ct. at 2200.  Moore and Rehaif differ greatly because Rehaif was an immigrant who overstayed his visa, not a felon.  Unlike Moore who pleaded guilty, waived his right to trial, and accepted responsibility for his actions, Rehaif pleaded not guilty and went to trial.

Despite Moore's argument, *Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review.  *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *see United States v. Grigsby*, No. 12-10174-JTM, 2019 WL 3302322, at *1 (D. Kan. July 23, 2019) (*Rehaif* is a question of statutory interpretation, rather than constitutional rights.  Its holding is not retroactively applicable on collateral review).  Moore's claim thus has no merit as *Rehaif* does not provide him relief in this collateral proceeding.

## CONCLUSION

The motion, the files and the record here "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Movant's conviction and sentence are valid.  His motion is **DENIED**.  This Court will enter judgment in favor of the United States.

## APPELLATE ISSUES

Under 28 U.S.C. § 2253(c)(1), the district court must evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

The COA must reflect the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2), (3).  A movant makes a "substantial showing" when the movant shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Here, for the reasons stated above, the § 2255 Motion lacks merit and therefore Movant cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status under Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Even so, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5).

Here, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is thus **CERTIFIED**, under Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**. If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28

U.S.C. §§ 1913, 1917) or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within 30 days (*see* Fed. R. App. P. 24(a) (4)–(5)).

**IT IS SO ORDERED,** this 12th day of September, 2019.

                                                    s/ Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE